KNOLL, J.,
additionally concurs.
| iThis writ concerns whether the Abbe-ville City Court, acting in its capacity as Juvenile Court (“Juvenile Court”), properly denied the juvenile’s motion to declare La. Ch.C. art. 897.1(B) unconstitutional as applied for depriving the juvenile, S.D., of the opportunity for modification of his sentence.[1] Although I agree with this Court’s *908 denial of the writ, I write separately to note this case presents policy concerns which the Legislature may wish to address.
S.D., who was sixteen years of age at the time of trial, was adjudicated delinquent for one count of armed robbery in 2013 and sentenced to “juvenile life,” ie., his sentence will terminate when he reaches twenty-one years of age. In September 2015, S.D. wrote a letter to the Juvenile Court outlining his accomplishments during his first two years of detention and requesting modification of his sentence. According to S.D., during his time at Bridge City Correctional Center for Youth, he has completed every offered rehabilitation | ¿program and has earned a G.E.D. as well as numerous certifications in telecommunications technology, culinary arts, and other areas.
The Juvenile Court Judge, who serves the judiciary with distinction, upheld the constitutionality of La. Ch.C. art. 897.1(B), but in doing so she gave well-considered and sensitive reasons that highlight the conundrum of not being able to modify S.D.’s sentence, commenting:
We have a piece of legislation that says I can’t let him go early... that’s my road block. Have you earned the right to get out early? Absolutely. You have been a model student. As a judge, can I let you out early? Not based on this statute [Ch.C. art. 897.1(B)]. That’s what I’m struggling with and I can’t overstep my boundaries as a judge.
⅜⅜⅜
[L]ooking at this case, does it seem fair? Absolutely not. If anybody’s been a model juvenile at Bridge City, who’s shown that he[] can turn his life around and that he’s on a positive track, you know, this is the case for it. But I am bound by my code of ethics and by the oath that I took to follow the laws of the legislature .... I have got to follow the law. I cannot modify your sentence....
Although I agree with the Juvenile Court Judge that this statute is not unconstitutional as applied to S.D.’s case, I find this to be the rare instance where the Judge should have discretion to modify the juvenile’s sentence. I urge the Legislature to address the policy concerns this case presents, wherein a Juvenile Court Judge cannot modify a juvenile’s sentence after the juvenile has made remarkable rehabilitation and has been found to have “.. .earned the right to get out early-” In my view, under the circumstances of this case, the law should be amended to allow a Juvenile Court Judge the authority to modify a sentence of a juvenile.

. In pertinent part, La. Ch.C. art. 897.1(B) provides: "After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child who is fourteen years of age or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined *908 in secure placement for the length of the term imposed by the court at the disposition hearing without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence.” (Emphasis added.)